## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

**PLAS-PAK INDUSTRIES, INC.**
**Third Party Requester/Appellant**

**v.**

**RICHARD PARKS CORROSION TECHNOLOGIES**
**Patent Owner/ Appellee**

**Reexamination No: 95/001,371**

### NOTICE FORWARDING CERTIFIED LIST

A Notice of Appeal to the United States Court of Appeals for the Federal

Circuit was timely filed on March 13, 2014, in the United States Patent and

Trademark Office in connection with the above identified *inter partes* re-

examination proceeding. Pursuant to 35 U.S.C. § 143, and Fed. Cir. R. 17(b)(1),

a Certified List is this day being forwarded to the Federal Circuit.

Respectfully submitted,

Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

By: *Kyra Abraham*
Kyra Abraham
Paralegal
Mail Stop 8
P.O. Box 1450
Alexandria, VA 22313-1450
571-272-9035

Date: April 25, 2014

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing has been served on Appellant and Appellee this 25th day of April, 2014,

as follows:

David Arnold
Cantor Colburn LLP
20 Church Street, 22nd Floor
Hartford, CT 06103-3207

Thomas C. Basso
K&L Gates LLP
P.O. Box 1135
Chicago, IL 60690

By: _Kyra Cibraham_
Kyra Abraham
Paralegal
Mail Stop 8
P.O. Box 1450
Alexandria, VA 22313-1450
571-272-9035

Form PTO 55 (12-80)

# U.S. DEPARTMENT OF COMMERCE
## United States Patent and Trademark Office

**April 25, 2014**

(Date)

**THIS IS TO CERTIFY** that the attached document is a list of the papers that comprise the record before the United States Patent and Trademark Office. Said list was compiled from the electronic file of the *Inter Partes* Reexamination proceeding identified below:

**Patent Owner(s): RICHARD PARKS CORROSION TECHNOLOGIES, INC.**

**Reexamination No. 95/001,371**

**Filed:  June 7, 2010**

**Title of Invention:**    *DUAL COMPONENT DISPENSING AND MIXING SYSTEMS FOR MARINE AND MILITARY PAINT*

By authority of the

**DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE**

*Certifying Officer*



## Prosecution History Ser. No. 95/001,371

| Date | Document |
|---|---|
| 06/07/2010 | REQUEST FOR INTER PARTES REEXAMINATION |
| 06/11/2010 | NOTICE OF ASSIGNMENT OF INTER PARTES REEXAMINATION REQUEST |
| 06/11/2010 | NOTICE OF INTER PARTES REEXAMINATION REQUEST FILING DATE |
| 08/24/2010 | NON-FINAL OFFICE ACTION |
| 08/24/2010 | ORDER GRANTING REQUEST FOR INTER PARTES REEXAMINATION |
| 10/25/2010 | POWER OF ATTORNEY |
| 10/25/2010 | NOTICE OF CONCURRENT PROCEEDINGS |
| 10/25/2010 | INFORMATION DISCLOSURE STATEMENT |
| 10/25/2010 | RESPONSE TO OFFICE ACTION |
| 11/23/2010 | THIRD PARTY REQUESTER COMMENTS |
| 08/04/2011 | ACTION CLOSING PROSECUTION |
| 08/12/2011 | INFORMATION DISCLOSURE STATEMENT |
| 09/06/2011 | INFORMATION DISCLOSURE STATEMENT |
| 11/15/2011 | POWER OF ATTORNEY |
| 11/17/2011 | INFORMATION DISCLOSURE STATEMENT |
| 11/17/2011 | INFORMATION DISCLOSURE STATEMENT |
| 11/30/2011 | POWER OF ATTORNEY |
| 12/01/2011 | NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY |
| 12/01/2011 | NOTICE REGARDING CHANGE OF POWER OF ATTORNEY |
| 12/15/2011 | RIGHT OF APPEAL NOTICE |
| 01/13/2012 | NOTICE OF APPEAL - REQUESTER |
| 01/17/2012 | INFORMATION DISCLOSURE STATEMENT |
| 03/09/2012 | APPEAL BRIEF - THIRD PARTY REQUESTER |
| 04/09/2012 | RESPONDENT BRIEF - OWNER |
| 08/14/2012 | EXAMINER'S ANSWER |
| 11/18/2012 | PTAB DOCKETING NOTICE |
| 03/07/2013 | INFORMATION DISCLOSURE STATEMENT |
| 07/01/2013 | PTAB DECISION ON APPEAL |
| 07/30/2013 | REQUEST FOR REHEARING – THIRD PARTY REQUESTER |
| 08/29/2013 | OPPOSITION TO REQUEST FOR REHEARING - OWNER |
| 01/21/2014 | PTAB DECISION ON REQUEST FOR REHEARING |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re *Inter Partes* Reexamination of: | § | |
| U.S. Patent No. 7,144,170 | § | Confirmation No. 1432 |
| | § | |
| Appeal No.: 2013-001649 | § | Group Art Unit: 3993 |
| | § | |
| Control No. 95/001,371 | § | Docket No.: PLP0003USR |
| | § | |
| For: DUAL COMPONENT DISPENSING AND | § | Examiner: Aaron J. Lewis |
| MIXING SYSTEMS FOR MARINE AND | § | |
| MILITARY PAINTS | § | |

## NOTICE OF APPEAL TO THE UNITED STATES
## COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Office of the General Counsel
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

To the Director of the U.S. Patent and Trademark Office:

Pursuant to 35 U.S.C. §§ 141 and 142 and 37 C.F.R. §§ 1.302 and 1.983, Third Party

Requestor Plas-Pak, Industries, Inc. (Plas-Pak) hereby appeals to the to the United States Court

of Appeals for the Federal Circuit for review of: (a) the Patent Trial and Appeal Board's

Decision on Appeal ("Decision on Appeal") mailed July 1, 2013 in the above identified *inter*

*partes* reexamination case, and (b) the Patent Trial and Appeal Board's Decision on Request for

Rehearing ("Decision on Request for Rehearing") mailed on January 21, 2014 in the above

identified *inter partes* reexamination case. Courtesy copies of the Decision on Appeal and the

Decision on Request for Rehearing are attached.

In compliance with Federal Circuit Rule 15(a), three copies of this Notice of Appeal

together with the requisite fee prescribed by Federal Circuit Rule 52 ($450.00) are being

submitted to the Clerk of the United States Court of Appeals for the Federal Circuit. In the event

1

that any fees are determined to be due to the U.S. Patent and Trademark Office, please charge

such fees to out Deposit Account No. 06-1130.


Dated:  March 13, 2014                Respectfully submitted,

CANTOR COLBURN, L.L.P.

Applicant's Attorneys


By:_____/David Arnold/_____
           David Arnold
           Registration No. 48,894


| | |
|---|---|
| Address: | 20 Church Street, 22nd Floor |
| | Hartford, CT  06103-3207 |
| Telephone: | (860) 286-2929 |
| Fax: | (860) 286-0115 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT was served on March 13, 2014 by first class mail to:

Thomas C. Basso, Esq.
K&L GATES LLP
P.O. BOX 1135
CHICAGO, IL 60690

By:_____/David Arnold/_____
David Arnold
Registration No. 48,894

Address:      20 Church Street, 22nd Floor
              Hartford, CT 06103-3207
Telephone:    (860) 286-2929
Fax:          (860) 286-0115

3



# United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,371 | 06/07/2010 | 7,144,170 | PLP0003USR | 1432 |

29180      7590      07/01/2013
K&L Gates LLP
P.O. BOX 1135
CHICAGO, IL 60690

| EXAMINER |
|---|
| LEWIS, AARON J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/01/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

PLAS-PAK INDUSTRIES, INC.
Requester, Appellant

v.

RICHARD PARKS CORROSION TECHNOLOGIES, INC.[1]
Patent Owner, Respondent

_____

Appeal 2013-001649
*Inter partes* Reexamination Control 95/001,371
Patent US 7,144,170 B2[2]
Technology Center 3900

_____

*Before* JOHN C. KERINS, DANIEL S. SONG and
MICHAEL J. FITZPATRICK, *Administrative Patent Judges*.

KERINS, *Administrative Patent Judge*.

DECISION ON APPEAL

_____

[1] Richard Parks Corrosion Technologies, Inc. is the Patent Owner and the real party in interest (Patent Owner's Respondent Brief Under 37 C.F.R. § 41.68 (hereinafter "Resp. Br.") 1).
[2] Patent US 7,144,170 B2 (hereinafter "the '170 patent") issued December 5, 2006, to Richard Parks and Heather Parks.

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

## STATEMENT OF THE CASE

Claims 1-17 of the '170 patent are the subject of the present appeal. The Requester appeals under 35 U.S.C. §§ 134 and 315 from the Examiner's refusal, as set forth in the Right of Appeal Notice (RAN)[3], to adopt certain rejections proposed by the Requester, and from the Examiner's withdrawal of a previous adoption of certain other rejections, and relies on its Appeal Brief (hereinafter "App. Br.") in support of its positions. The Patent Owner relies on a Respondent Brief in support of the Examiner's decision. We have jurisdiction under 35 U.S.C. §§ 134 and 315.

The following proceedings have been identified as being related to subject '170 patent (App. Br. 5; Resp. Br. 2):

1.    Reexamination Control 95/001,656 (Appeal 2013-007786) for U.S. Patent No. 7,815,384, which issued from a continuation application of the application that issued as the subject '170 patent; and

2.    *Richard Parks Corrosion Tech Inc. v. Plas-Pak Indus Inc., V.O. Baker Co. Inc., Thomas Baker and Jason Baker*, Civil Action No. 2010cv00437 (D. Conn.), which is characterized by the Requester and the Patent owner as a contract action.

We AFFIRM.

---

[3] The Examiner's Answer mailed August 14, 2012 merely incorporates by reference the RAN mailed December 15, 2011, and thus, we cite to the RAN herein.

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

## THE INVENTION

The '170 patent is directed to a device for applying a coating. Claim 1 is the sole independent claim on appeal and reads as follows (Claims Appendix, emphasis added):

> 1.    A device for applying a coating, comprising:
>
> a multi-component cartridge comprising at least two cylindrical cartridges,
>
> each cylindrical cartridge comprising an aperture and an open filling end that is disposed opposite the aperture and
>
> that is slidingly sealed by a cartridge piston seal,
>
> a static mixing nozzle in fluid communication with each aperture,
>
> and at least one *paint applicator* selected from the group consisting of a *roller, a brush, and a spray tip*, in fluid communication with the nozzle,
>
> *wherein at least one flexible hose is disposed between and in fluid communication with the cartridge and nozzle.*

## PROPOSED REJECTIONS NOT ADOPTED

The Requester appeals from the Examiner's refusal to adopt the following proposed rejections:

(i) Claims 1, 9-12 and 14-17 under 35 U.S.C. § 103(a) as unpatentable over Kott (US 2001/0030241, published Oct. 18, 2001);

3

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

(ii)  Claims 2-6 and 8 under 35 U.S.C. § 103(a) as unpatentable over Kott in view of Wise (US 3,847,112, issued Nov. 12, 1974);

(iii)  Claims 6 and 7 under 35 U.S.C. § 103(a) as unpatentable over Kott in view of Anson (US 2,504,487, issued Apr. 18, 1950);

(iv)  Claims 12-17 under 35 U.S.C. § 103(a) as unpatentable over Kott in view of Hansen (US 6,632,860 B1, issued Oct. 14, 2003); and

(v)  Claims 12, 13, 15 and 16 under 35 U.S.C. § 103(a) as unpatentable over Kott in view of Hermele (US 5,686,507, issued Nov. 11, 1997).


REJECTIONS PREVIOUSLY ADOPTED, NOW WITHDRAWN

The Requester further appeals from the Examiner's withdrawal of the following previously-adopted rejections:

(vi)  Claims 1 and 9-11 under 35 U.S.C. § 103(a) as unpatentable over Jacobsen (US 6,241,125 B1, issued Jun. 5, 2001) in view of Hunter (US 2002/0170982, issued Nov. 21, 2002);

(vii)  Claims 1-6 and 8 under 35 U.S.C. § 103(a) as unpatentable over Jacobsen in view of Wise, Flackett (US 6,099,160, issued Aug. 8, 2000) and Gaither (US 5,496,123, issued Mar. 5, 1996);

(viii)  Claims 1, 6 and 7 under 35 U.S.C. § 103(a) as unpatentable over Jacobsen in view of Anson, Flackett and Gaither;

(ix)  Claims 12-17 under 35 U.S.C. § 103(a) as unpatentable over Jacobsen in view of Hunter and Hansen; and

(x)  Claims 12, 13, 15 and 16 under 35 U.S.C. § 103(a) as unpatentable over Jacobsen in view of Hunter and Hermele.

4

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

PRINCIPLES OF LAW

If a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, then there is no suggestion or motivation to make the proposed modification. *In re Gordon*, 733 F.2d 900, 902 (Fed. Cir. 1984). "To facilitate review, [an obviousness] analysis should be made explicit." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007) (citing *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006) ("[R]ejections on obviousness grounds cannot be sustained by mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness")).

ISSUES

1. Whether the Requester has established that Kott discloses the use of a flexible hose disposed between and in fluid communication with a cartridge and a static mixer nozzle, or that Kott renders obvious such a construction.

2. Whether the Requester has established that the Examiner erred in finding that the Requester's proposed modification of the Jacobsen device to include any of a spray tip, a roller or a brush would have rendered the Jacobsen device unsuitable for its intended purpose.

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

## ANALYSIS

*Proposed Rejections (i)-(v)--Not Adopted*

*(i) Claims 1, 9-12 and 14-17--Unpatentability over Kott*

The Requester contends that the Examiner erred in finding that "there is no teaching of situating the flexible hoses (34a and 34b) between mixing tube (94) and the caulking gun (200), as required by the language of claim 1." App. Br. 10, quoting RAN, para. 9. The Requester additionally contends that, even if there is no explicit disclosure in Kott of a flexible hose connecting a static mixing tube to the caulking gun, the Examiner erred in not concluding that such an arrangement would have been obvious as being "a simple, predictable variation that is of common sense to one of ordinary skill in the art . . .". App. Br. 13.

Through its own arguments, Requester effectively concedes that there is no explicit disclosure of disposing a flexible hose between a static mixing tube or nozzle and a multi-component cartridge, which, in Kott, takes the form of a caulking gun. Instead of pointing to a specific drawing figure or a specific passage in Kott evidencing such explicit disclosure, the Requester proffers a discussion of various details of the Kott structure illustrated in Figure 1, which does not employ a multi-component cartridge, and the Kott structure illustrated in Figure 8, which illustrates a caulking gun with a threaded connection thereon to directly connect to the static mixing tube using no flexible hose. The Requester then makes the arguments that "a direct connection or a flexible hose connection is a simple design choice," that "a flexible hose connection between the caulking gun and mixing tube (94) would be based on engineering choices," and further that "there are

6

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

only a finite number of ways in which the caulking gun (200) can 'engage'
the mixing tube (94)." App. Br. 12. The Requester then "submits" that
these factors result in an "overall disclosure" in Kott that one way to connect
the Figure 8 caulking gun to the static mixing tube is by a flexible hose
connection. *Id.*

Accepting, *arguendo*, the underlying contentions as true, they fall
short of establishing an explicit disclosure in Kott of the use of a flexible
hose disposed between a static mixing tube and a caulking gun. Each of the
contentions directed to design choice, engineering choice and finite number
of ways to connect, are in the nature of arguments that the claimed structure,
although "not identically disclosed or described as set forth in section 102"
nevertheless would have been obvious under § 103. 35 U.S.C. § 103(a). As
such, we are not apprised of error in the Examiner's finding that Kott does
not explicitly disclose disposing a flexible hose between its caulking gun and
its static mixing tube.

We are similarly not persuaded that the Examiner erred in not
concluding that it would have been obvious in view of Kott to dispose a
flexible hose between its caulking gun and its static mixing tube. The
Requester asserts that such a construction is "a simple, predictable variation
that is of common sense to one of ordinary skill in the art under *KSR*." App.
Br. 13.

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

The Requester discusses the factual situations underlying two Federal
Circuit cases[4] decided subsequent to the Supreme Court decision in *KSR*.
We do not regard either of these decisions as involving facts that are
sufficiently similar to the facts at hand that we are compelled to follow either
decision, nor do we believe that either is particularly instructive in
approaching the facts of the instant case. The Requester urges that the
present situation presents an even more compelling case for concluding that
the claims are unpatentable, in that the Kott patent itself discloses the two
embodiments relied on, whereas, in *Tokai* and *Leapfrog*, obviousness was
established based upon a combination of teachings from more than one
reference. App. Br. 14-15. The Requester cites to *Boston Scientific SciMed
Inc. v. Cordis Corp.*, 554 F.3d 982 (Fed. Cir. 2009) as an example of a case
in which obviousness was found as a result of combining features of two
embodiments disclosed adjacent to each other in a single prior art reference.
App. Br. 15. We are unaware, however, of any precedent that stands for the
proposition that a more compelling case of obviousness will exist when all
of the teachings relied upon in establishing obviousness are drawn from a
single reference.

The Requester insufficiently addresses the position that employing a
flexible hose connection between the Kott caulking gun and mixing tube is a
"simple, predictable variation" of the direct, threaded connection that Kott
explicitly discloses. App. Br. 13. In this regard, the Requester maintains
that this modification would have been obvious "to provide flexibility for

---

[4] *Tokai Corp. v. Easton Enterprises, Inc.*, 632 F.3d 1358 (Fed. Cir. 2011),
and *Leapfrog (Enterprise), Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157 (Fed.
Cir. 2007).

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

moving the spray gun during spraying." App. Br. 14. The Requester further
observes that, in Kott, "whether other attachments such as a flush tank can
be directly connected to the mixer body depends on whether the attachment
is light enough so as to allow the spray gun to be portable," and that "Kott
teaches braided steel flexible hoses as a preferred connection for providing
flexibility for moving the spray gun." App. Br. 15, citing to Kott, p. 4, para.
[0042], p, 5, para. [0048].

The disclosure directed to the use of braided steel flexible hoses
pertains to providing flexibility for moving the spray gun when the spray
gun is employed with, and coupled to, tanks containing the components to
be mixed for spraying, with the tanks installed on a relatively non-portable
cart. Kott, p. 2, para. [0027], p. 4, paras. [0041], [0042]. The discussion in
Kott of preferably providing a flush tank that is sufficiently small and light
enough to be directly mounted to a mounting block on a spray gun is
consistent with Kott's disclosure of employing a direct, threaded connection
when the caulking gun (200) is to be used with the static mixing tube (94).
In other words, providing another component, such as a flush tank, is not
seen by Kott as reducing the flexibility for moving the spray gun, provided it
is sufficiently small and light. Kott, p. 5, para. [0048]. Similarly, the
caulking gun is implicitly seen by Kott as being sufficiently small and light
so as to allow for a direct connection to the mixing tube, without reducing
the flexibility for moving the spray gun, or impairing the ability to employ
the caulking gun and mixer tube in applying a finish color or texture. Kott,
p. 7-8, paras. [0078], [0079].

9

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

The Requester's position fails to fully appreciate that, in the Figure 8 embodiment of Kott, the caulking gun and mixing tube being coupled by a direct, threaded connection results in those components together, along with spray tip (44), forming the spray gun. While replacing the direct, threaded connection with a flexible hose connection would seemingly provide the predictable result that the caulking gun and mixing tube would still be connected in the sense of being in fluid communication with one another[5], the Requester has not addressed what, if any, desirability or predictability there is to decoupling previously directly connected components of what is effectively the spray gun itself, in terms of how the components of the spray gun are handled, and whether and how such a modification would predictably provide flexibility for moving the spray gun during spraying.

The Examiner's decision to not adopt the proposed rejection of claims 1, 9-12 and 14-17 under 35 U.S.C. § 103(a) as unpatentable over Kott is sustained.

*(ii) Claims 2-6 and 8--Unpatentability over Kott and Wise*

The Requester relies on the same arguments advanced with respect to claim 1 in assigning error to the Examiner's failure to adopt this ground of

---

[5] This broad result is essentially the same as finding that the caulking gun and mixing tube can or could be connected by a flexible hose. However, the mere fact that the prior art may be modified in a particular manner does not render obvious such a modification unless there is a rational reason to make such a modification, or the prior art suggests its desirability. *KSR*, 550 U.S. at 418; *Gordon*, 733 F.2d at 902; *In re Fritch*, 972 F.2d 1260 (Fed. Cir. 1992).

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

rejection. App. Br. 15. For the reasons discussed above, the Examiner's
decision to not adopt this proposed rejection is sustained.

### (iii) Claims 6 and 7--Unpatentability over Kott and Anson

The Requester relies on the same arguments advanced with respect to
claim 1 in assigning error to the Examiner's failure to adopt this ground of
rejection. App. Br. 16. For the reasons discussed above, the Examiner's
decision to not adopt this proposed rejection is sustained.

### (iv) Claims 12-17--Unpatentability over Kott and Hansen

The Requester relies on the same arguments advanced with respect to
claim 1 in assigning error to the Examiner's failure to adopt this ground of
rejection. App. Br. 16. For the reasons discussed above, the Examiner's
decision to not adopt this proposed rejection is sustained.

### (v) Claims 12, 13, 15 and 16--Unpatentability over Kott and Hermele

The Requester relies on the same arguments advanced with respect to
claim 1 in assigning error to the Examiner's failure to adopt this ground of
rejection. App. Br. 16-17. For the reasons discussed above, the Examiner's
decision to not adopt this proposed rejection is sustained.

### Withdrawn Rejections (vi)-(x)

### (vi) Claims 1 and 9-11--Unpatentability over Jacobsen and Hunter

The Requester contends that the Examiner's withdrawal of the
adoption of this rejection was founded on taking the erroneous position that

11

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

the intended use of the Jacobsen device is to dispense fluid material into cracks while ensuring minimum leakage. App. Br. 17-20. According to the Requester, this allegedly erroneous interpretation of Jacobsen led the Examiner to an erroneous determination that it would not have been obvious to substitute the spray device of Hunter for the dispensing nozzle of Jacobsen, as such substitution would render Jacobsen unsuitable for its intended purpose. App. Br. 20-23; *see* RAN, p. 7, l. 17-p. 8, l. 14.

The Requester takes the position that the Examiner's position "is based on one specific embodiment of Jacobsen," and that Jacobsen includes what the Requester appears to be regarding as a different, less-specific embodiment that is not necessarily limited to dispensing fluid materials into cracks, but instead has no specific dispensing device identified, for the purpose of dispensing fluid material "where and when needed." App. Br. 18, citing to Jacobsen, col. 2, ll. 46-56. This latter purpose or intended use is argued by the Requester as being fulfilled by the purportedly different embodiment illustrated in Figure 10 of Jacobsen, which illustrates a fluid delivery system made up of components from a kit, to which no specific dispensing device is attached. App. Br. 18-19; Jacobsen, Fig. 10.

We believe that a person of ordinary skill in the art would not view the Jacobsen disclosure in the dissected manner that the Requester urges. In attempting to create the impression that Jacobsen discloses a separate embodiment that has broader usage, the Requester relies on what Jacobsen discloses, not as a separate embodiment, but as one of two basic objects of the invention. App. Br. 18-19, quoting Jacobsen, col. 2, ll. 46-56 ("[a] basic object of this invention is to provide . . . multiple piece kits . . .").

12

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

Jacobsen discloses two "basic objects" of "this invention." Jacobsen, col. 2, l. 46-col. 3, l. 4. Those basic objects, in short, are to provide multiple-piece kits suitable for connection in alternate manners, to convey separately different components prior to mixing and dispensing, and to provide a modified dispensing tool and accessory kit for dispensing fluid material into cracks and voids. *Id.* Importantly, both of these objects are directed to what Jacobsen refers to as "this invention." Immediately preceding the recitation of the basic objects, Jacobsen describes "this invention" as:

> relat[ing] to devices for establishing leak-proof seated connections with great universality of use with many different types and sizes of dispensing tubes, nozzles, surface ports used in dispensing fluid material from cartridges, *for directing such fluid material into cracks in underlying structures*.

Jacobsen, col. 2, ll. 40-45 (emphasis added).

Elsewhere, Jacobsen similarly identifies "this invention" as:

> relat[ing] to devices usable for *dispensing fluid material(s)* via conventional dispensing outlet nozzle(s) *directly into a surface crack of a structure*, such as concrete floors, walls or ceilings.

Jacobsen, col. 1, ll. 13-16 (emphasis added).

In contrast to these detailed statements as to the function or intended purpose of the Jacobsen device, as mentioned previously, the Requester maintains that the broader function or intended purpose of the device is to dispense fluid "where and when needed." Such a function or purpose would seemingly, however, be the intent or desire of any and all fluid dispensing systems of whatever design, and is not particularly instructive to the person

13

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

of ordinary skill in the art in developing an understanding of the Jacobsen invention.

The Requester has not pointed to any portion of Jacobsen, and we see none, disclosing a location (where) and time (when) in which the device is provided to do anything other than dispense fluid to fill cracks in structures. Indeed, in the portion of the Jacobsen disclosure that discusses the hose H-4, to which no dispensing device is connected in the Figure 10 illustration relied on by the Requester, Jacobsen describes that the mixing hose provides a comparatively short mixed conveyance path before the mixed components are discharged, and goes on to discuss that a pinch clamp 301-1 disposed on the hose "is effective for *accurate and intermittent control of the material discharge in close proximity of the crack or void to be filled . . .*". Jacobsen, col. 7, l. 65-col. 8, l. 3 (emphasis added). This further illustrates how the Requester has taken the Jacobsen expression "where and when needed" out of context and has attempted to imbue it with far greater significance than it has when read in context.

Accordingly, we are not persuaded that the Examiner erred in taking the position that the intended purpose of the Jacobsen device is to dispense fluid material into cracks in a manner that minimizes leakage in the course of dispensing. The Requester's remaining arguments as to alleged error in not adopting the rejection over Jacobsen and Hunter are directed to the combination as not being unfit for the purpose of discharging material "where and when needed," and are thus not seen as being persuasive. *See, e.g.*, App. Br. 22-23.

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

The Requester additionally contends that the Examiner erred in affording patentable weight to the intended use language in the preamble[6], and in finding that the port component of Jacobsen teaches away from the claimed invention. App. Br. 23-24. As pointed out by the Patent Owner, the Examiner does not explicitly or specifically rely on either of these positions in determining that the adoption of the rejection should be withdrawn. Resp. Br. 15. The Examiner's position, that the modification of Jacobsen in view of Hunter would not have been obvious because the modification would render Jacobsen unsuitable for its intended purpose, does not appear to rely in any manner on these grounds, and we are thus not persuaded of error in the Examiner's position.

The Examiner's decision to withdraw the rejection of claims 1 and 9-11 under 35 U.S.C. § 103(a) as unpatentable over Jacobsen and Hunter is sustained.

*(vii) Claims 1-6 and 8--Unpatentability over Jacobsen, Wise, Flackett and Gaither*

The Requester relies on essentially the same arguments advanced with respect to claim 1 and the withdrawn rejection over Jacobsen in view of Hunter in assigning error to the Examiner's withdrawal of this ground of rejection. App. Br. 26-28. For the reasons discussed above, we are not apprised of Examiner error based on those arguments.

The Requester additionally points to Jacobsen's listing of "acrylics" as one common multiple component material. App. Br. 27. The Requester

---

[6] Claim 1 recites, "[a] device for applying a coating, comprising:" App. Br., Claims Appendix.

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

further argues, without citing to any evidence, that "'acrylics' is [sic, a] commonly used synonym for paint." *Id.* Although the significance of this is not well-explained, it appears that the Requester believes that this evidences that the Jacobsen device was intended to have different uses beyond filling cracks in concrete structures and the like. Not only is the alleged synonymity of "acrylics" and "paint" not substantiated by evidence, Jacobsen appears to evidence that the listing therein which includes reference to "acrylics" is a listing of materials "for filling surface cracks in concrete structures to restore structural integrity," and not simply "paint." Jacobsen, col. 1, ll. 54-56. This argument fails to persuade us of Examiner error in withdrawing the rejection.

As such, the Examiner's decision to withdraw the rejection of claims 1-6 and 8 under 35 U.S.C. § 103(a) as unpatentable over Jacobsen and Wise is sustained.

*(viii) Claims 1, 6 and 7--Unpatentability over Jacobsen, Anson, Flackett and Gaither*

The Requester relies on essentially the same arguments advanced with respect to claim 1 and the withdrawn rejection over Jacobsen in view of Hunter in assigning error to the Examiner's withdrawal of this ground of rejection. App. Br. 28-29. For the reasons discussed above, we are not apprised of Examiner error based on those arguments.

As such, the Examiner's decision to withdraw the rejection of claims 1, 6 and 7 under 35 U.S.C. § 103(a) as unpatentable over Jacobsen and Anson is sustained.

16

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

*(ix) Claims 12-17--Unpatentability over Jacobsen, Hunter and Hansen*

The Requester relies on the same arguments advanced with respect to claim 1 and the withdrawn rejection over Jacobsen and Hunter in assigning error to the Examiner's withdrawal of this ground of rejection. App. Br. 24-25. For the reasons discussed above, the Examiner's decision to withdraw this rejection is sustained.

*(x) Claims 12, 13, 15 and 16--Unpatentability over Jacobsen, Hunter and Hermele*

The Requester relies on the same arguments advanced with respect to claim 1 and the withdrawn rejection over Jacobsen and Hunter in assigning error to the Examiner's withdrawal of this ground of rejection. App. Br. 25. For the reasons discussed above, the Examiner's decision to withdraw this rejection is sustained.

## CONCLUSION

The Examiner's refusal to adopt proposed rejections (i) through (v) is AFFIRMED.

The Examiner's decision to withdraw rejections (vi) through (x) is AFFIRMED.

Requests for extensions of time in this *inter partes* reexamination proceeding are governed by 37 C.F.R. §§ 1.956 and 41.77(g).

Appeal 2013-001649
Reexamination Control 95/001,371
Patent US 7,144,170 B2

## AFFIRMED

Patent Owner:

K & L GATES LLP
P.O. BOX 1135
CHICAGO, IL 60690

Third Party Requester:

CANTOR COLBURN LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103

lb

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,371 | 06/07/2010 | 7,144,170 | PLP0003USR | 1432 |

29180        7590        01/21/2014
K&L Gates LLP
P.O. BOX 1135
CHICAGO, IL 60690

| EXAMINER |
|---|
| LEWIS, AARON J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/21/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

PLAS-PAK INDUSTRIES, INC.,
Requester, Appellant

v.

RICHARD PARKS CORROSION TECHNOLOGIES, INC.,
Patent Owner, Respondent

_____

Appeal 2013-001649
*Inter partes* Reexamination Control 95/001,371
Patent 7,144,170 B2
Technology Center 3900

_____

Before JOHN C. KERINS, DANIEL S. SONG and
MICHAEL J. FITZPATRICK, *Administrative Patent Judges*.

KERINS, *Administrative Patent Judge*.


DECISION ON REQUEST FOR REHEARING


Third-Party Requester Plas-Pak Industries, Inc. (hereafter
"Requester") requests rehearing of our decision dated July 1, 2013
(hereinafter "Decision"), in which we affirmed the Examiner's refusal to
adopt grounds of rejection of claims 1-17 under 35 U.S.C. § 103(a) in view

Appeal 2013-001649
Reexamination Control 95/001,371
Patent 7,144,170 B2

of Kott[1] alone or in combination with additional references, and affirmed the
Examiner's decision to withdraw five previously adopted grounds of
rejection of those claims under 35 U.S.C. § 103(a) in view of Jacobsen[2] and
Hunter[3], and/or other additional references.

Requester contends that the Board improperly took the position that
Requester conceded that Kott contains no explicit disclosure of positioning a
flexible hose between a static mixing tube or nozzle and a multi-component
cartridge or caulking gun. Request 2. Requester further contends that the
Board improperly decided that the invention to which the Jacobsen patent is
directed is

> limited only to a device "to dispense fluid material
> into cracks in a manner that minimizes leakage in
> the course of dispensing" . . . , as opposed to "a
> dispensing kit suited in alternate manners of
> connection for conveying multiple components of
> a reactive material before being discharged 'where
> and when needed.'"

Request 5. Requester additionally submits that, in the event that the Board
regards its arguments and evidence set forth in the Request as not having
been raised and relied upon in Requester's Appeal Brief, the Request is to be
regarded as being made under 37 C.F.R. § 41.79(b)(2) in view of a recent
Board decision, *Ex Parte Tucker*, 2012 WL 4289969 (BPAI 2012). Request
1-2.

Taking the last contention first, Requester maintains, in attempting to
establish a showing of good cause as is required by § 41.79(b)(2), that the

---

[1] US 2001/0030241 A1, published October 18, 2001.
[2] US 6,241,125 B1, issued June 5, 2001.
[3] US 2002/0170982 A1, published Nov. 21, 2002.

2

Appeal 2013-001649
Reexamination Control 95/001,371
Patent 7,144,170 B2

*Tucker* decision stands for the proposition that plastic materials exhibit flexibility characteristics, and that such recognition is consistent with a position taken by the Examiner in the prosecution of application Serial Number 11/563,791 (which resulted in the issuance of US 7,815,384, which in turn is the subject of related *Inter Partes* Reexamination 95/001,656). Request 2. Requester asserts that the position taken by the Examiner in that prosecution is to the effect that an element in a patent to Ciofalo[4] is made from plastic, and is therefore flexible to some extent. *Id.* Requester submits that were we to not entertain its related and similar argument directed to the disclosure of the Kott patent, on the grounds that it is a new argument made for the first time on rehearing, this would "result in contradiction between the records of the subject '170 patent and the related '384 patent that would only serve to confuse the public regarding the question of non-obviousness." *Id.*

Requester's citation to the "recent relevant" *Tucker* decision is little more than an unsuccessful attempt at subterfuge. As acknowledged by Requester, the position taken by the Examiner in the prosecution of the

---

[4] US 6,769,578, issued August 3, 2004. We note that the Ciofalo patent is not of record in the present reexamination proceeding. As to *inter partes* reexamination, "the scope of reexamination may encompass those issues that raise a substantial new question of patentability, whether proposed by the requester or the Director, but, unless it is raised by the Director on his own initiative, it only includes issues of patentability raised in the request under § 311 that the Director has determined raise such an issue. It otherwise may not include other prior art than what constituted the basis of the Director's determination of a substantial question of patentability." *Belkin Intern., Inc v. Kappos*, 696 F.3d 1379, 1383 (Fed. Cir. 2012).

3

Appeal 2013-001649
Reexamination Control 95/001,371
Patent 7,144,170 B2

application leading to the issuance of the '384 patent, which allegedly could "result in contradiction between the records" of that patent and the '170 patent, dates back to an Office Action mailed in December of 2009. Request 2. The Request for *Inter Partes* Reexamination that underlies the present appeal was filed some six months after that Office action, on June 7, 2010, and Requester's Appeal Brief was filed nearly two years after that, on March 9, 2012. The 2012 Board decision in *Tucker* did nothing to change the landscape in this appeal such that the position taken by the Examiner in 2009 is only now of relevance to the rejection of the claims over the Kott patent. As acknowledged by Requester, the Board there did not even address the propriety (or lack thereof) of the Examiner's position that a person of ordinary skill in the art would recognize that plastic material would have flexibility characteristics. Request 1-2.

As such, any possible "contradiction between the records" that potentially may obtain[5] is directly as a result of Requester's failure to earlier call attention to the plastic/flexibility issue that had been raised long ago during prosecution in the related application. Requester has not shown good

---

[5] Requester's position that the Patent Owner acquiesced in the Examiner's position that the element in Ciofalo was flexible, at least to some degree, because it was made of plastic, is also misplaced. The record shows that the Patent Owner, in the prosecution of that application, amended the claims in response to the rejection relying on Ciofalo, which does not, without more, rise to the level of an acquiescence in the Examiner's findings and conclusions relative to the Ciofalo patent. Even if this could be regarded as an acquiescence, it would be limited to the specific disclosure of the construction of the plastic element in Ciofalo, and not as an acquiescence that all plastic of whatever construction is inherently flexible. Thus, Requester's contention that the records of the '384 and the '170 patents will be contradictory on this point is dubious, at best.

4

Appeal 2013-001649
Reexamination Control 95/001,371
Patent 7,144,170 B2

cause as to why we should entertain any new arguments or consider any new evidence for the first time on rehearing.

We turn now to Requester's arguments as to the affirmance of the Examiner's position not to adopt various obviousness rejections using Kott as the principal reference. We stated in the Decision that Requester "effectively concede[d]" that there was no explicit disclosure in Kott of a flexible hose between the static mixing tube and the multi-component cartridge because Requester's arguments in the Appeal Brief did not point to any such explicit teachings. In any event, the Decision addressed each argument raised by Requester relative to the Kott patent, so the result is the same even if we do not treat the point as conceded.

Requester argues that claim 1 of the '170 patent "should reasonably be read to broadly read on Kott Figure 8 with the mixing tube 94 attached." Request 2. Requester argues that, in light of the Patent Owner's alleged acquiescence that plastic has inherent flexibility,

> the record of the related '384 patent . . . clearly informs the public that the Examiner's position regarding a plastic element being a flexible element, at least to some degree, is an acceptable and reasonable position, at least in the technical field of the '384 patent and the related '170 patent . . ..

Request 3. Requester further points out that Kott discloses that the static mixing tube and the threaded collar onto which the mixing tube is threaded are usually made of plastic, and that persons skilled in the art and the public would consider, in view of the record of the '384 patent, that both the static mixing tube and the threaded collar are flexible, at least to some degree. *Id.*

Appeal 2013-001649
Reexamination Control 95/001,371
Patent 7,144,170 B2

According to Requester, when the Kott static mixing tube is assembled with the multi-component cartridge, the Kott device will have a flexible hose disposed between the cartridge and the nozzle. Tellingly, Requester does not identify which specific component, in the thus-constructed Kott device, persons of ordinary skill in the art would recognize as constituting a flexible *hose*. Rather, Requester equivocates, asserting that the flexible hose would be either the threaded collar *108* or the flared end of the mixing tube *94* surrounded by the collar. *Id.* Requester's entire strained line of reasoning that culminates in such a noncommittal result fails to apprise us that we overlooked or misapprehended the teachings of the Kott patent or Requester's argument directed to Kott's alleged explicit disclosure.

Requester further argues that, to the extent that Kott does not explicitly disclose a flexible hose disposed between the cartridge and the nozzle, such would have been a predictable, and thus obvious, variation. Request 3. Requester maintains that such predictability exists "since the threaded collar 108 or flared end of the mixing tube 94 could be made of any reasonable length to provide flexibility 'in order to enable a user to access hard-to-reach locations.'" *Id.* Requester again harkens back to an Official Action from December, 2009, in the application from which the related '384 patent issued, as well as arguments made in the present reexamination proceeding prior to this appeal. Request 3-4. We addressed the arguments that Requester made on appeal directed to alleged predictability of a proposed modification of Kott at pages 7 through 10 of the Decision, and Requester's belated arguments on rehearing do not apprise us that we overlooked or misapprehended any arguments made on appeal.

6

Appeal 2013-001649
Reexamination Control 95/001,371
Patent 7,144,170 B2

Although Requester's position is founded on new arguments made for the first time on rehearing, and thus are untimely, even if we consider the arguments, we are not persuaded that we misapprehended or overlooked anything with respect to the unadopted rejections based on Kott in the Decision. Requester has not established that the Patent Owner acquiesced in a position that plastic is inherently flexible, and certainly not so with respect to the materials and constructions disclosed in Kott. Indeed, from Kott's discussion that material lines 34a and 34b, in a different embodiment, are to be flexible, while not similarly characterizing the threaded collar or flared end of the mixing tube in the relevant embodiment as being flexible, it reasonably can be inferred that Kott did not intend those elements to be flexible.

Requester further argues, with respect to the affirmance of the Examiner's decision to withdraw rejections employing combinations of Jacobsen and other art, that it is improper to characterize the intended purpose of the Jacobsen invention as being the dispensing of fluid material into cracks in a manner that minimizes leakage in the course of dispensing. Request 5. Requester presents arguments directed to principles that "evidence of non-obviousness must be reasonably commensurate in scope with the claims of the claimed invention," and that the scope of the claimed invention in Jacobsen must be determined by using a "broadest reasonable interpretation" standard. *Id.* Requester argues that "the invention" of Jacobsen cannot be limited to the above characterization because "the claims of Jacobsen are not so limited." *Id.* Requester further cites to a passage at column 8, lines 45-49 of Jacobsen, which states that the invention is to be

Appeal 2013-001649
Reexamination Control 95/001,371
Patent 7,144,170 B2

limited only by the scope of the claims and not to specific embodiments, in support of its position. *Id.*

The issue here is not what the scope of the claims are, but rather, what is the intended purpose of the invention disclosed in Jacobsen, such that a determination may be made as to whether a proposed modification would or would not render the Jacobsen device unsatisfactory for its intended purpose. What a claim does or does not encompass is pertinent to whether a particular article or product falls within the scope of the claims so as to be an infringing device. Requester has cited to no controlling authority standing for the proposition that the scope of the claims is also to be used in determining or understanding the purpose(s) for which an inventor developed that which is disclosed (as contrasted to that which is claimed) in a patent. We are thus not persuaded that we misunderstood or overlooked Requester's arguments in this respect.

Requester additionally attempts to present, for the first time, an alternate position relative to what is the intended purpose of the Jacobsen invention. Moving from the previous, sweeping purpose of discharging components of a reactive material "where and when needed," Requester now additionally posits that the intended purpose is to provide "a flow path for the mixed components to close proximity of the intended use of the material," language that Requester finds in claim 3 of the Jacobsen patent. Requests for rehearing are limited to points that were specifically misapprehended or overlooked by the Board. *See* 37 C.F.R. § 41.79(b)(1). Our Decision addressed Requester's proposed "where and when needed" intended purpose of the Jacobsen invention. Decision 12-14. We did not

8

Appeal 2013-001649
Reexamination Control 95/001,371
Patent 7,144,170 B2

misapprehend or overlook Requester's new, alternate proposed intended

purpose, because it was not before us.  Further, to the extent that it relies on

the same "scope of the claims" argument, we are not persuaded that such

was overlooked or misapprehended, as discussed previously.

In view of the foregoing, we decline to make any changes in the

Decision.  Accordingly, the Request for Rehearing is denied.

<u>DENIED</u>

Appeal 2013-001649
Reexamination Control 95/001,371
Patent 7,144,170 B2

PATENT OWNER:

K & L GATES LLP
P.O. BOX 1135
CHICAGO, IL 60690


THIRD-PARTY REQUESTER:

CANTOR COLBURN LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103